# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **SCOTTY EUGENE MILLER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00010 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **SOUTHWEST VIRGINIA REGIONAL** ) | By: James P. Jones |
| **JAIL AUTHORITY — DUFFIELD** ) | United States District Judge |
| **FACILITY,** ) | |
| ) | |
| Defendant. ) | |

*Scotty Eugene Miller, Pro Se Plaintiff.*

The plaintiff, Scotty Eugene Miller, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Miller has complied with financial requirements to proceed without prepayment of the filing costs, pursuant to 28 U.S.C. § 1915. After review of the Complaint, I conclude that this action must be summarily dismissed.

Miller's allegations are sparse:

Exposed to COVID-19 by inmate & officer on or about 8-2020 in my hous[i]ng unit — Refused to be tested — put in sick call nurse told me, got my symptoms from news.

Officers, nurses, administration, contractors not properly wearing mask, wearing over mouth not properly protecting and exposing to COVID-19.

Compl. 2, ECF 1. As relief in this § 1983 action, Miller seeks monetary damages.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Miller names only one defendant in this case: the Duffield jail facility of the Southwest Virginia Regional Jail Authority ("SVRJA"). Compl. 1, ECF No. 1. A local jail, however, cannot qualify as a *person* subject to being sued under § 1983. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks and citation omitted); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under § 1983" and thus "lacks the capacity to be sued as a jail.").

To the extent that Miller also sues the SWVRJA as a defendant, his § 1983 claim fails on the facts he has alleged. Regional jail authorities and other "[l]ocal governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or

injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The plaintiff must show that a policy promulgated by the SWVRJA was "'the moving force'" behind the alleged violation of his rights. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985).

"[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). Objectively, the inmate's medical condition must be "'serious'" in the sense that it "'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (citation omitted). Subjectively, a prison official is "deliberately indifferent" if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The deliberate indifference standard "is not satisfied by . . . mere disagreement concerning questions of medical judgment" or mere negligence in diagnosis or treatment decisions. *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (internal quotation marks, citations, and alterations omitted); *Estelle*

*v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (in addressing claim regarding prison medical care, "the essential test is one of medical necessity and not simply that which may be considered merely desirable").

Miller has not alleged sufficient facts to state the required elements of a claim that the SWVRJA had an official policy or custom that people entering or working in the jail did not need to wear masks properly to protect each other and inmates against COVID-19 exposure in August 2020. Nor does Miller describe particular incidents or ranges of dates when he observed certain individuals not properly taking precautions against the virus, so as to present a pattern of deliberate indifference to safety significant enough to put SWVRJA officials on notice of health concerns in SWVRJA facilities. Mere negligence by some individuals at the Duffield facility alone is not sufficient to state a potential claim against the SWVRJA itself for inadequate safety procedures against COVID-19. Moreover, Miller does not allege that he has had symptoms of COVID at any time, that he contracted the virus while at an SWVRJA facility, or that he was otherwise harmed by the allegedly inadequate safety measures at the Duffield facility.

Because Miller's § 1983 claims cannot proceed against the only defendants he has named, the Duffield facility and the SWVRJA itself, I will summarily dismiss

the action without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim. An appropriate order will enter this day. Such a dismissal leaves Miller free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this opinion.[1]

DATED: April 26, 2021

/s/  JAMES P. JONES
United States District Judge

---

[1] The possibility of amending and resubmitting the claims in a new and separate civil action should not be taken as a finding that Miller's allegations, if particularized, might state a proper § 1983 claim against the SWVRJA or some persons employed at the jail. As stated, an official's merely negligent action or inaction that causes injury is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections.) (citations omitted).